## Case No. 16,883.

### VAN WINKLE v. JARVIS et al.

[3 Ben. 573.] [1]

District Court, E. D. New York.   Dec., 1869.

OPENING DEFAULT—ATTACHMENT.

Process being issued, with an attachment clause, the marshal attached property of the respondents. but afterwards discharged it from custody, without any order of court, and served the process upon them personally. On the return of the process, a default was taken against them, which they moved to open. The libellant insisted that, as a condition of opening the default, they should be required to give security, as on a discharge of property attached: *Held,* that, under the circumstances of the case, the condition was a reasonable one, and that the default would be opened, without costs, on the respondents executing such a stipulation.

[This was a libel by Samuel Van Winkle against T. W. Jarvis and others.]

Beebe, Donohue & Cooke. for libellant.
Mitchell & Seymour. for respondents.

BENEDICT, District Judge. This is a motion to open a default, taken against the defendants, for failure to appear and answer, on return of the process. The default appears to be regular. and the libellant now asks that, if it is to be opened, and the de-

---

1 [Reported by Nathan Howard, Jr., Esq.]

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

fendants are to be allowed to come in and defend, it be upon the condition that they give security, as upon a release of an attachment of property seized under the attachment clause of the process. This condition is demanded, upon the ground that, by the action of the defendants, the libellants have been improperly deprived of the right to require such security.

It appears that, upon the filing of the libel, the process was issued, with the usual attachment clause, and that, in point of fact, the marshal, before serving the defendants, did, by virtue of the process, attach certain property belonging to them, which property, it also appears, was thereafter, without the order of the court, released from custody by the marshal, and the defendants then personally served. It also appears, from the papers before me, that the defendants are residents of Brooklyn, and so appear in the directory, but it is no where stated that they were within reach of the process, or possible to be found, up to the time of the attachment of their property. Nor is any explanation of the release of the property attempted. For aught that appears, the defendants might have intentionally kept beyond the reach of the process, until after their property was seized, and then obtained its discharge by some importunity.

The marshal having, in point of fact, and, as it must be presumed, in good faith, attached the property of the defendants, as being defendants impossible to find, could not properly, without the order of the court, release the property. He had the right, and was, indeed, bound, to take all necessary time and pains to satisfy himself as to his ability to find the defendants, before attaching their property, but, having once made an attachment, it properly belonged to the court to say whether the attachment was justified, or not. No explanation whatever being given by the defendants, in regard to the release of the property, and the defendants showing themselves able to give security, without inconvenience, I am of the opinion that, under the circumstances of the case, the libellants may properly ask, as a condition of opening a regular default, to be put in the same position which they would have been, had the property not been released.

Let the default be opened, without costs, upon the defendants filing the usual stipulation given upon the discharge of property attached in actions in personam.